[Cite as *State v. Harbold*, 2011-Ohio-5425.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J |
| | : | Hon. Julie A. Edwards, J. |
| v. | : | |
| | : | |
| MICHAEL S. HARBOLD | : | Case No. 11-CA-5 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Municiapl Court, Case
                             No. CRB 1100057

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            October 20, 2011

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JAMES R. SKELTON                     MARK A. PERLAKY
760 Chestnut Street                  111 West Main Street
Coshocton, OH  43812                 Newcomerstown, OH  43832

*Farmer, J.*

{¶ 1} On January 27, 2011, appellant, Michael Harbold, was charged with one count of aggravated menacing in violation of R.C. 2903.21. Said charge arose from an incident between appellant and his neighbors, Richard and Tracy McCormick, over appellant's dog trespassing on the McCormicks' property.

{¶ 2} A bench trial commenced on March 30, 2011. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to ten days in jail.

{¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 4} "THE DECISION OF THE TRIAL COURT ADJUDICATING APPELLANT GUILTY OF THE CHARGE OF AGGRAVATED MENACING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."

I

{¶ 5} Appellant claims his conviction of aggravated menacing was against the manifest weight of the evidence. We disagree.

{¶ 6} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 7} Appellant was convicted of aggravated menacing in violation of R.C. 2903.21(A) which states, "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶ 8} Appellant argues insufficient evidence was presented that he knowingly caused the complainant, Mr. McCormick, to believe he would cause serious physical harm to his person or property or his immediate family. Appellant concedes Mr. McCormick's wife, Tracy McCormick, testified she believed appellant would cause her serious physical harm, and has been scared every day since the incident. T. at 27, 29. However, appellant argues Mr. McCormick's testimony was inconsistent as to whether he believed appellant was actually going to shoot him. Appellant argues because of these inconsistencies, the state did not meet its requisite burden of proof.

{¶ 9} The incident occurred because of a long-standing controversy concerning appellant's dog trespassing on the McCormick property and jumping at the McCormicks' horse. T. at 6. When Mr. McCormick encountered appellant's dog on his property, Mr. McCormick fired a warning shot at the dog which prompted appellant to come out with a rifle in his hand. T. at 7. Appellant shouted that he was going to shoot the McCormicks and burn down their house. T. at 7-8. Mrs. McCormick was present when the statement was made. T. at 9. Mr. McCormick admitted he did not fear for himself. T. at 14. When questioned by the trial court, Mr. McCormick explicitly stated, "[t]he gun was pointed at both me and my wife and we was both threatened by it." T. at 23. When asked if he thought appellant was going to shoot him, Mr. McCormick stated, "[n]ot

really. I had my doubts, but he shouldn't have pointed the gun anyway." Id. The state then followed up the trial court's questions:

{¶ 10} "Q. So, Mr. McCormick, did you believe the Defendant could cause you serious physical harm with that gun?

{¶ 11} "A. Oh, definitely." T. at 24.

{¶ 12} On re-cross, the following exchange occurred between defense counsel and Mr. McCormick:

{¶ 13} "Q. But your testimony, Mr. McCormick, was you didn't necessarily believe Mr. Harbold would shoot the rifle at you?

{¶ 14} "A. My main concern was keeping the rifle basically aimed and pointed at me so much as my wife. If any of the two of us would have been shot in my driveway it would have been me. As far as can I say whether he'd have pulled the trigger or not, who knows what goes on in another man's brain."

{¶ 15} "Q. All right.

{¶ 16} "A. The possibility stands I still could have been shot in my driveway plain and simple, and I don't want shot in my driveway." T. at 26.

{¶ 17} Mrs. McCormick opined, "[i]f he was gonna to shoot us, he was gonna have to shoot both of us." T. at 32-33.

{¶ 18} Upon review, we find sufficient evidence was presented that appellant's words and brandishing of the rifle established the threat of serious physical harm. We find no manifest miscarriage of justice.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Municipal Court of Coshocton County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.

s / Sheila G. Farmer_____

s / William B. Hoffman_____

s / Julie A. Edwards_____

JUDGES

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
|     Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL S. HARBOLD | : | |
| | : | |
|     Defendant-Appellant | : | CASE NO. 11-CA-5 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Coshocton County, Ohio is affirmed. Costs to appellant.

s / Sheila G. Farmer_____

s / William B. Hoffman_____

s / Julie A. Edwards_____

JUDGES